# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LISA DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:02CV01833 ERW |
| ) | |
| AMERICAN HOME PRODUCTS ) | |
| CORPORATION, et al. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Consolidate [doc. #53]. The Court heard arguments from the parties on Plaintiff's Motion during a telephone conference on June 26, 2007.

In the Motion, Plaintiff contends that efficiency and judicial economy would be furthered by consolidating *Mable Gillespie, individually and as administrator of the estate of Victoria Hill v. American Home Products* (Case No. 4:03CV01526 JAH) into this case, for trial, because the cases involve common questions of both law and fact related to Defendant's general liability. Defendant responds that consolidation of the two actions is inappropriate because the cases involve very different, complex facts and would be unfairly prejudicial to Defendant.

Federal Rule of Civil Procedure 42(a), which governs consolidation, states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unecessary costs or delay.

Fed. R. Civ. P. 42(a). The Court has broad discretion in ordering the consolidation of matters,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

but that discretion is not unbounded. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The Court must determine whether the two proceedings involve a common party and common issues of fact or law. *Id*. (internal citations and quotations omitted).

After considering the parties arguments, the Court will deny Plaintiff's Motion. While the instant case and *Hill* share some common questions of law, the Court agrees with Defendant's argument, that the two cases present significantly different issues of fact. Notably, the Plaintiffs took the diet drugs at issue at two different time periods and have different medical histories. Further, the state law applicable to the two actions differ (West Virginia law applies in the *Dean* case, while Missouri law applies in the *Hill* case) and involves different legal standards. In short, the Court concludes the two actions present different questions of law and fact and Plaintiff has not persuaded the Court that considerations of convenience and judicial economy require consolidation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Consolidate [doc. #53] is **DENIED.**

Dated this 28th day of June, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com