**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LISA DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:02CV01833 ERW |
| ) | |
| AMERICAN HOME PRODUCTS ) | |
| CORPORATION, et al. ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Pre-trial Conference in this matter was held on July 6, 2007. After considering the arguments presented by the parties, the Court makes the following rulings.

**I.   Defendant's Motion to Bifurcate**

After reviewing the briefs, and considering the parties' arguments, the Court will deny Defendant's Motion to Bifurcate. The Court will, however, bifurcate all punitive damages issues at trial.

**II.   Defendant's Motion to Strike Certain of Plaintiff's Deposition Testimony Designations**

Plaintiff shall designate all deposition testimony, identified by page and line numbers, no later than **July 11, 2007.** Defendant shall counter designate, no later than **July 13, 2007.** The Court will determine the admissibility of Plaintiff's deposition testimony designations at trial.

**III.   Defendant's Motion to Exclude Expert Testimony of Ira J. Gelb, M.D.**

Defendant requests that the Court preclude Plaintiff from presenting the testimony Ira J. Gelb, M.D. that Plaintiff's alleged condition is "more likely than not to get worse" and any

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

testimony or argument regarding the progression of the alleged regurgitation or the need for future surgery. The Court believes at this time, based on the evidence provided in the record, that evidence related to Plaintiff's prospective heart valve surgery is irrelevant. However, the Court will reconsider admission of Plaintiff's evidence upon a showing, out of the hearing of the jury, of reliable expert testimony, that any relevance of prospective heart valve surgery, outweighs any prejudice. The Court will consider the admissibility of evidence regarding the progression of Plaintiff's alleged regurgitation at trial, only after hearing expert testimony, out of the hearing of the jury. Defendant's Motion is therefore **sustained, in part**.

**IV.     Defendant's Objections to Plaintiff's Exhibits**

Defendant objects to several of Plaintiff's trial exhibits. The Court will consider the admissibility of the exhibits at the time they are offered.

**V.     Defendant's Motions in Limine Nos. 1-22**

At the pre-trial conference, Defendant's counsel informed the Court that Plaintiff has stipulated to Defendant's Motions in Limine Nos. 6, 8, 9, 10 -17, 19, 20 and 21. Defendant's counsel also informed the Court that the parties have resolved the issues raised in Defendant's Motion in Limine No. 3 and that Plaintiff has not challenged the MDL *Daubert* rulings on expert testimony.

As to Defendant's Motion in Limine No. 1, Defendant moves to exclude evidence of primary pulmonary hypertension ("PPH") as irrelevant and unduly prejudical. Defendant argues that Plaintiff has not been diagnosed with PPH, or any form of pulmonary hypertension, and that PPH is a medical condition separate and apart from valvular heart disease, the injury alleged in this case. The Court finds that the prejudicial effect of admitting PPH evidence outweighs any

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

probative value, under Federal Rule of Evidence 403. Defendant's Motion is therefore **sustained**. Plaintiff shall not offer any evidence of PPH nor pulmonary hypertension, as she does not suffer from either condition.

As to Defendant's Motion in Limine No. 2, Defendant moves to exclude any evidence or argument regarding the funding Wyeth provided for post-withdrawal studies on the diet drugs Pondimin or Redux. Defendant argues grants for such studies are irrelevant, and the prejudicial effect of such "deep pocket" evidence outweighs any probative value. Plaintiff may offer evidence that Wyeth provided funding for the studies at issue. However, she may not mention any specific amount Wyeth paid to fund the studies. Defendant's Motion is therefore **sustained**, **in part**.

As to Defendant's Motion in Limine No. 4, Defendant moves to preclude Plaintiff's experts from asserting any opinions that rely on S. Biswas, et al "Valve Replacement for Appetite Suppressant-Induced Valvular Heart Disease," 67 Ann Thoracic Surg. 1819-22 (1999) ("Biswas Article") because it is a case report and cannot form the basis for a reliable causation opinion. Defendant also argues that the Biswas Article does not describe an occurrence substantially similar to Plaintiff's, as required. The Court finds that the Biswas Article is not scientifically reliable evidence and therefore Plaintiff shall not offer evidence regarding the article or mention such evidence to the jury. Accordingly, Defendant's Motion is **sustained**.

As to Defendant's Motion in Limine No. 7, Defendant moves to exclude evidence of the withdrawal of Pondimin from the market and the changes in the Pondimin warnings, after Plaintiff was last prescribed the drug. Defendant argues that, under Federal Rule of Evidence 407, evidence of subsequent remedial changes to product warnings and product withdrawals are inadmissible for any purpose in a products liability action. Defendant's Motion is **sustained**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

As to Defendant's Motion in Limine No. 18, Defendant moves to exclude evidence of draft informational, marketing, or promotional materials regarding Pondimin and Redux and documents that summarize marketing information from third parties and third party marketing information itself. Defendant argues that there is no reliance on such materials, as they were never distributed outside Wyeth nor provided to the prescribing physician in this case. No *in limine* ruling on this issue will be made at this time. The Court will consider the admissibility of these documents at the time they are offered.

As to Defendant's Motion in Limine No. 22, Defendant moves to preclude argument, testimony, or demonstrative exhibits related to heart valve surgery. The parties agreed on the record that Plaintiff and counsel shall not to comment on, refer to, or introduce testimony or evidence relating to the video on heart valve surgery or the demonstrative plastic model exhibit of the human heart. The Motion is therefore **sustained**.

## VI. Plaintiff's Motions in Limine Nos. 1-28

At the pre-trial conference, Plaintiff's counsel informed the Court that Plaintiff's Motions in Limine 1, 3, 8, 10-19, 22-24 and 26 have been reserved for possible objection at trial. Plaintiff's counsel also informed the Court that Defendant has stipulated to Plaintiff's Motions in Limine 2, 5, 9, 20, 21, 25 and 27.

As to Plaintiff's Motion in Limine Nos. 4, 6 and 7, Plaintiff requests that the Court instruct Defendant and counsel not to comment on, refer to, or introduce testimony or evidence relating to or attempt to elicit testimony during the entire course of the trial concerning any reference to Body Mass Index ("BMI"), to the possibility that Plaintiff's condition of being overweight might have contributed in anyway to causing Plaintiff's physical or mental problems, and to the alleged

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

health risks of obesity.  The Court believes that issues concerning obesity relate to general health and will be relevant to Plaintiff's general health.  The Motions are therefore **overruled**, to the extent the issues concerning obesity relate to Plaintiff's medical problems.

As to Plaintiff's Motion in Limine No. 28, Plaintiff requests that the Court instruct Defendant and counsel not to comment on, refer to, or introduce testimony or evidence relating to or attempt to elicit testimony during the entire course of the trial concerning the medical conditions of Plaintiff's family.  Plaintiff argues this issue is irrelevant, subject to protection under federal statute, the constitutional right of privacy of third parties or under the patient-physician privilege of third parties.  The Court finds that Plaintiff's family medical history is relevant.  However, the Court believes that a Federal Rule of Evidence 403 analysis of probative weight and prejudicial effect precludes any evidence of Plaintiff's father and paternal grandfather's heart disease related death.  Therefore, Plaintiff's Motion is **overruled**, **in part**.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Home Products Corporation's Motion for Reverse Bifurcation [doc. #71] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Wyeth's Motion to Strike Plaintiff's Designation of Deposition Testimony  [doc. #80] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall designate all deposition testimony, identified by page and line numbers, no later than **July 11, 2007.**  Defendant shall counter designate, no later than **July 13, 2007.**  The Court will determine the admissibility of Plaintiff's deposition testimony designations at trial.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that Defendant's Motion to Exclude Expert Opinion Testimony of Ira Gelb, M.D. [doc. #39] is **SUSTAINED, in part**.

**IT IS FURTHER ORDERED** that Defendant's Motions in Limine [doc. # 70] Nos. 1, 4, 7 and 22 are **SUSTAINED**. Defendant's Motion in Limine No. 2 is **SUSTAINED, in part**. No ruling shall be made at this time as to Defendant's Motion in Limine No. 18. The Court will consider the admissibility of this evidence at the time it is offered.

**IT IS FURTHER ORDERED** that no ruling shall be made at this time as to Defendant's Objections to Plaintiff's Exhibits [docs. #74, #75, #76, #77]. The Court will determine which, if any, of these exhibits are admissible at the time of trial.

**IT IS FURTHER ORDERED** Plaintiff's Motions in Limine [doc. #70] Nos. 4, 6 and 7 are **OVERRULED**. Plaintiff's Motion in Limine No. 28 is **OVERRULED, in part**.

Dated this 9th day of July, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com